Kang Power Law LLC.

3101 N. Central Ave. Suite 180

Phoenix, AZ 85012

Phone: 480-223-9150

Email: kpowerlaw1@gmail.com

John H. Kang,

Bar #035169

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BOKIL JIN | Case No.: |
| Plaintiff, | |
| vs. | CIVIL COMPLAINT: |
| | (1) CONSPIRACY TO COMMIT FRAUD- ARIZONA TORT CLAIM |
| SUNG KYU LEE (A.K.A. SUNG LEE, SCOTT LEE) AND SEONG HO LEE (A.K.A. SUNG LEE, OR SUNG H. LEE) | (2) FRAUD-ARIZONA TORT CLAIM |
| | (3) CONVERSION- ARIZONA TORT CLAIM |
| Defendants | (4) INJUNCTIVE RELIEF |
| | (5) REQUEST FOR INJUNCTIVE RELIEF |
| | JURY TRIAL REQUESTED |

1

## INTRODUCTION

1. This is an action for relief based on civil claims of conspiracy to commit fraud, fraud including punitive damages arising from the fraud, conversion, and injunctive relief based on continuing fraud and conversion and irreparable harm.

## JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 as this case is over $75,000 and has diversity jurisdiction since this case and controversy is between citizens of different states.

3. This court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 (a) those claims form part of the same case or controversy under Article III of the United States Constitution.

4. This Federal Court must exercise Long-arm Jurisdiction pursuant to Arizona Long-arm Statute per Arizona Rules of Civil Procedure Rule 4.2. The defendant Seong Ho Lee has multiple homes and businesses outside the state of Arizona but has significant contacts within the state of

Arizona that meet the requirements of "minimum contacts" with the state of Arizona per the case of International Shoe V. Washington, 326 U.S. 310 such that the exercise of personal jurisdiction between the defendant-Seong Ho Lee and the forum state of Arizona meets the traditions notions of fair play and justice per the case of Asahi Metal Industry co. V. Superior Court, 480 U.S. 102.  The Five (5) factor test for the reasonable requirement is met as follows:

1. <u>The Burden on the Defendant</u>:  Defendant, Seong Ho Lee is a primary resident of the state of Arizona with ownership of homes in Arizona and owns and/or operates multiple businesses from this state including Atos Inc., Atos Investment, You & Lee Properties LLC, Jac & Lee, LLC, AKPA LLC, Emart USA and/or Emart 99 which is a trade name and/or affiliate of Emart USA Inc, and other properties stated in the garnishment section.  However, since he has out-of-state homes and business properties known in other states such as the State of Washington and California which derived from illegal contacts and transactions within the state of Arizona, this burden is met.

2.  <u>The Interest of the Forum State in the Litigation</u>:  Since the Defendant, Seong Ho Lee purposefully availed himself by living and conducting business in the state of Arizona, the Forum State of Arizona has strong interest in the outcome of litigation.  Further, the expansion into other states such as Washington is derivative of income and/or operations of business conducted in this Forum State.  As the defendant has a history of fleeing between state lines, the state of Arizona has compelling interest in resolving the litigation here.

3.  <u>The interest of the Plaintiff in litigating the matter in the state of Arizona:</u>   The Plaintiff, Bokil Jin has a strong interest in litigating the matter in the state of Arizona.  Per the attached Exhibit 1 & Exhibit 2 Divorce judgment and Court Findings and Order (Order), she was the rightful business owner of multiple properties awarded by the Court but was deprived of her ownership due to Defendant's intentional violation of the order and fleeing to out-of-state to avoid legal attachments and seizures.  As such, she has a compelling interest in getting her rightful ownership of all assets, entities, and/or business properties located in Arizona.

Furthermore, the Plaintiff is also a business owner in the state of Arizona.

4. <u>The allowance of Jurisdiction serves interstate efficiency:</u>

Since the Defendant owns and/or operates multiple business and homes in different states including Washington, California, and/or possibly unknown states, exercising personal jurisdiction in Arizona in Federal District Court under diversity jurisdiction serves interstate efficiency by consolidating all these different state matters in one court.  Furthermore, since the Defendant's expansion to other states such as Washington is derivative of illegal income earned while operating businesses in the Forum State of Arizona, both court efficiency and compelling court interests are served at the same time.

5. <u>The allowance of personal jurisdiction serves interstate policy interests.</u>   Allowing personal jurisdiction over this defendant's out -of-state residencies and/or business serves the interest policy interests having one action attaching for a defendant who purposefully evades legal actions and/or orders by fleeing across state lines.  The United States concept of Federalism is also served by having jurisdiction over out-of-state defendant where the defendant purposefully avails himself to different state lines so that

5

he can forum shop different laws so that he can "get away" from binding Court Order and/or Judgment.

## **NATURE OF THE ACTION**

5. This is an action brought pursuant to civil claims of Arizona brought by California resident plaintiff, Ms. Bokil Jin against Arizona resident defendants, Mr. Sung Kyu Lee and Mr. Seong Ho Lee.

6. Plaintiff seeks civil damages based on conspiracy to commit fraud, fraud including punitive damages arising from the fraud, conversion, and injunctive relief.

## **PARTIES**

7. Plaintiff, Bokil Jin, is the California resident and ex-wife of defendant Seong Ho Lee, and ex-brother-in-law to Sung Kyu Lee (a.k.a. Scott Lee)

8. Defendant 1, Sung Kyu Lee is the brother of the ex-husband (and consequently ex-brother-in-law) of Bokil Jin, the plaintiff.

9. Defendant 2- Seong Ho Lee, is the ex-husband of the plaintiff Bokil Jin.

**STATEMENT OF FACTS**

10. Plaintiff and Defendant 2-Seong Ho Lee were divorced on September 24, 2010, in Los Angeles, California.  Please see the attached Notice of Entry of Judgment (Exhibit 1) with division of property awarded by the Court.

11. Defendant 2, Seong Ho Lee violated this Court judgment by not turning over her business ownership interests in Atos Inc., and other properties per divorce property division judgment and subsequent Court Order (Exhibit 2).

12. Defendant 1, Sung Kyu Lee is the brother of co-defendant Seong Ho Lee and has worked as an employee for Seong Ho Lee and his businesses on and off since 1992.

13. Defendant 1, Sung Kyu Lee worked for the co-defendant and his brother since 1992 even as a B-2 visitor visa from South Korea without proper work authorization going back and forth from South Korea due to 6- month visitor visa restrictions.

14.  In early, 2000s, the defendants and plaintiff moved to Arizona and operated a retail 99+ Cents retail store at 2715 W. Van Buren St.

Phoenix, AZ 85009 and this store was under the corporate entity Topher Inc. (a.k.a. Topher I).

15. Defendant 1-Sung Kyu Lee worked as a manager of this 99 Cents store under the direction of the Defendant 2- Seong Ho Lee though he did not have work authorization from U.S. Government.

16. Legally, the entity-Topher Inc., (A.K.A. Topher I) which operated Arizona businesses including the above retail store was supposed to be owned jointly as community property between Bokil Jin (Plaintiff) and Seong Ho Lee (Defendant 2) since they were husband and wife. Mr. Seong Ho Lee falsely assured the plaintiff that it was jointly owned.

17. However, we found out later in 2023 that this entity was under the name of the defendant Sung Kyu Lee as the CEO and President and co-defendant Seong Ho Lee, and the plaintiff was never listed in any corporate filings.

18. On April 8, 2021, during the course of litigation over a breach of court ordered division of property, the plaintiff discovered a handwritten confession. (See Exhibit 3a confession by Sung Kyu Lee-Defendant 1 in

Korean with certified translation attached in the Affidavit of Discovery, attached as Exhibit 3)

19. In this handwritten confession, Defendant Sung Kyu Lee confessed stating "I, Sung Kyu Lee, sign below to declare that I have no ownership of Topher I and Topher II and acknowledge that Bokil has actual ownership."

20. However, he is listed as the President of Topher, Inc and Topher II Inc. in the Arizona Corporation Commission (Attached as Exhibit 4) and is still the President today.

21. Even though the defendant, Sung Kyu Lee, admits that my client is the true owner of Topher I and Topher II Inc., she is not listed in any corporate filings for Topher I and Topher II while he is still listed as President. (Exhibit 4-listing Sung Kyu Lee as the owner of Topher II)

22. In the certified translation, he also states that" I am not responsible for any problems" (Exhibit 3)

23. However, he still holds the title as President of Topher I and Topher II and has been paid for these illegally held positions.

24.  The defendants have not listed the plaintiff anywhere in the corporate filings for Topher I and Topher II entities even though the plaintiff has actual ownership interests.

25.  However, they have conducted numerous financial and real estate transactions under Topher I and Topher II and gained significant financial and other benefits.  (Exhibit 3-Property sales records including 3b, 3c, 3, 3f and 3g)

26. The defendants have never turned over the entities and/or the properties held under these entities to the plaintiff and/or made any attempt to share the legally binding entities and properties.

27. To date, Plaintiff has not been paid any compensation for her share of these community owned properties since the divorce was finalized on September 24, 2010.

28.  Furthermore, Atos, Inc, which was another business entity that the plaintiff was awarded per the divorce judgment stipulations, was never given to my client by the defendant-Seong Ho Lee. (Exhibit 1-Divorce property division)

10

29.  In fact, Defendant Seong Ho Lee conveyed property owned by Atos Inc to Topher II via special warranty deed recorded in February 2019. (See Exhibit 4)

30.  A deed of trust was executed in conjunction with this conveyance which shows Sung Kyu Lee as the President of Topher II.  (Exhibit 5) Thus, the property located at 6628 W. Camelback Rd, Glendale, AZ 85301 is now owned by Topher II with Defendant-Sung Kyu Lee as the President.

31. According to the records, this property was purchased for $1.2 million by Topher II Inc. from Atos. Inc.  (See Exhibit 3B)

32.  Furthermore, the defendant used this wrongful title and possession of Topher II Inc. and its property to obtain other commercial properties with the commercial addresses being 1310 & 1350 S. Longmore Ave. Mesa, AZ, which was bought for $1.275 million. And then sold off portions after a sub-split to the entities: JAC & LEE LLC for 300k and SY, LLC for $950K.  See Exhibit 3C, Attachments.

33. Therefore, according to the stated records, defendant 1-Sung Kyu Lee who has confessed that he does not own the entities Topher I and Topher

II Inc. continues to operate them as he was the owner and President. (Exhibits 3a, 3d, 5, and 8)

34.  However, no compensation or share is ever given to the rightful owner- the plaintiff, Ms. Bokil Jin nor is she listed in any corporate filings regarding the properties Atos Inc., Topher I, Topher II, and any derivative assets and/or income based on these properties.

35.  These illegal transactions between the co-defendants who are biological brothers happened multiple times since the divorce in 2010.

36.  Throughout this time since 2010 until today, the plaintiff did not receive any title, money, assets, and/or any other form of compensation.

37. Defendants continue to perpetuate this fraud and misrepresentations by illegally operating, keeping, and/or conducting business in these properties.  This is supported by evidence listed on Arizona Corporate Commission showing these properties operating actively under defendants names. (See Exhibits 4-10)

38. Furthermore, there is no other legal way for the defendant Sung Kyu Lee to have gotten his business-based immigration, Legal Permanent Residency, (also known as green card) other than using these illegally

owned properties and titles derived from these properties that belong to my client, Bokil Jin.

39. The plaintiff seeks to recover all damages from profits illegally derived as a result of this fraudulent ownership and all misrepresentations that took place over 10 years and continues today.

40. The plaintiff also seeks to restore equitable and injunctive relief to restore title and possession back to the rightful owner, Ms. Bokil Jin.

41. By this complaint, Plaintiff also seeks punitive damages arising from the fraud with the evil minds and evil hands of the defendants and the continuing perpetual nature of this fraud, misrepresentations, and conversions.  Punitive damages are very appropriate also because one of the defendants intentionally violated the court order and used state lines and shell entities to hide assets and avoid detection while the other continues to operate as an authorized owner and/or executive while having confessed that he is not the owner.

42. The plaintiff seeks to recover reasonable attorney fees and court costs. This litigation arose under the "Bad Faith Exception" to the American Rule as stated in Hall Vs. Cole, 412 U.S. 1, 5 (1973) where the Supreme

Court stated that "bad faith may be found not only in the actions that led to the lawsuit, but in the conduct of the litigation. Therefore, award of attorney fees, court costs, and other relief that the Court may deem just are proper.

## 43. ARIZONA STATUTE §12-2506 D. JOINT AND SEVERAL LIABILITY EXCEPTIONS

D. The liability of each defendant is several only and is not joint, except that a party is responsible for the fault of another person, or for payment of the proportionate share of another person, if any of the following applies:

1. Both the party and the other person were acting in the concert.

2. The other person was acting as an agent or servant of the party.

Therefore, pursuant to these two exceptions to the abolishment of joint and several liabilities, the plaintiff asserts the following:

- In all the following civil damage claims, the plaintiff asserts that both the defendants-Sung Kyu Lee and Seong Ho Lee were acting

14

in concert with each other and therefore, both defendants shall be held jointly and severally liable.

- In the alternative, Defendant-Sung Kyu Lee was acting as an agent or servant of the co-defendant-Seong Ho Lee and therefore, both defendants shall be held jointly and severally liable.

## FIRST AND SECOND CLAIM FOR RELIEF

**44. The defendants Sung Kyu Lee and Seong Ho Lee are jointly and severally liable for conspiracy to commit fraud and committing fraud.**

45. **First Claim-Civil Conspiracy to Commit Fraud must be plead along with another claim and as such, we are claiming conspiracy to commit fraud along with the Fraud Claims against both defendants per the Second Restatement of Torts (which the state of Arizona has adopted).** We ask the court to take judicial notice of this adoption of Second Restatement of Torts.

46. The four elements to prove civil conspiracy are the following:

- Two or more conspirators agree to work together to achieve unlawful goals.

- Two or more conspirators agree or understand the objective and the manner to achieve the unlawful objective.

- Two or more conspirators commit an unlawful act in furtherance of the conspiracy, and

- A person not party to the conspirators is injured as a result of the civil conspiracy.

47. Applying the elements to our case, we find the following:

 1. <u>Two or more conspirators agree to work together to achieve an unlawful act</u>- The defendants Sung Kyu Lee and Seong Ho Lee agreed to work together to take away the plaintiff's property that was ordered as part of the divorce judgment.   Specifically, Defendant Seong Ho Lee conveyed property owned by Atos, Inc to Topher II Inc. via a special warranty deed recorded in February 2019.  (See Exhibit 4).   This was an entity/property owned by the plaintiff and illegally taken without the consent of the plaintiff. As such, these co-defendants, who are brothers, agreed to achieve the unlawful act of taking away property that belonged to the plaintiff. Furthermore, defendant Sung Kyu Lee confessed that he did not own the

16

properties Topher I and Topher II as part of his written confession (Exhibit 3a) and yet continues to benefit by being the President and owner of these properties.  There are other Arizona Corporate Commission filings which show Sung Kyu Lee being listed as owners of derivative properties and newly named properties that originated from Atos Inc, Topher I, and Topher II as stated above.

2. <u>Two or more conspirators agree or understand the objective and the manner to achieve the unlawful objective</u>- Mr. Sung Kyu Lee and Mr. Seong Ho Lee agreed and understood the objective and the manner to achieve the unlawful objective of taking away properties that belongs to the plaintiff per the divorce judgment.  Both the defendants lived together with the plaintiff for a long time prior to the divorce and operated retail stores together in California and Arizona.  After the divorce, both defendants moved and lived in Arizona and refused to turn over the assets and properties that belonged to the plaintiff per the divorce judgment.  As such, both defendants agreed on the objective which was to take away the plaintiff's properties and the manner to achieve this unlawful objective which was the transfer between these two defendants/brothers through real estate conveyances and by creating shell entities to make it difficult for the plaintiff to track them.  Please see #36 Statement of Facts on Topher II being sub-split into

two different entities- Jac & Lee and Sy LLC.  Both defendants agreed on

continuous selling and buying of the properties that belonged to the plaintiff and

created derivative entities making it more difficult for the plaintiff to track her

property. If you look at Exhibit 3c, both defendant brothers signed as seller and

buyer to each other in the transaction from Topher II to Jac &Lee.  Thus, this

element is easily met by the evidence.

   3. Two or more conspirators commit an unlawful act in furtherance of

conspiracy.   Here, both defendants conspired to illegally own, operate, and take

away all ownership rights of properties that belonged to the plaintiff.  The

conveyances stated in the statement of facts show conveyances between the

defendants of properties that belong to the plaintiff.   Furthermore, in all of the

properties that belong to the plaintiff per the divorce judgment and Court Order,

plaintiff's name is never mentioned and/or acknowledged in any way. This is

beyond an act of nepotism as the defendants have committed and continue to

commit unlawful acts of illegal taking, use, misrepresentation to third parties, and

taking in illegal income which constitutes conspiracy to commit fraud.

   4.  A person not a party to the conspirators is injured as a result of the civil

conspiracy.  The plaintiff, Bokil Jin, is not a party to this conspiracy between her

ex-husband and his brother (the defendants).  Furthermore, she is financially

injured, being intentionally deprived of her rightful ownership of these properties and NOT being able to get an income from these properties.  In addition, she has been mentally and emotionally traumatized by the continual refusal of the defendants to turn over her properties and continual hiding of assets by creating new entities.  Therefore, this fourth element is clearly met.

Therefore, all of the four elements to civil conspiracy to commit fraud are met.

## SECOND CLAIM-FRAUD

14.     Defendant has clearly committed fraud on the plaintiff. Per the case of *Nielson v Flashberg,* 101 Ariz. 335, 338-39 (1966) (quoting Moore v Myers, 31. Ariz. 347, 353 (1927), a complaint for fraud must set forth nine elements of fraud which includes:

1.       (1) A representation; (2) its falsity (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of is falsity (7) his reliance on the truth (8) his right to rely thereon; and (9) his consequent and proximate injury

(1) Representation:  Mr. Sung Kyu Lee knew that he was not the owner of

Topher II and any of the related businesses as stated in his confession, yet he

made numerous representations to others including Government entities and

all other individuals he was doing business with that he was legally the

owner and authorized President.   He repeatedly made these representations

in the course of almost two decades.  This is shown in the exhibits attached,

but especially Exhibit 8.

Defendant, Seong Ho Lee, also made these false representations

by transferring Atos Inc, and/or other entities to co-defendant, Sung Kyu

Lee.  Over a course of 20 years, these brothers have engaged in fraudulent

representations to buyers, sellers, employees, Arizona Government, and/or

all individuals that they have conducted business with.

(2) Falsity:    Mr. Sung Kyu Lee, the defendant knew that he was not the owner,

President, and/or any level of Executive Officer as stated in the confession.

Yet, he held himself out as the authorized officer and/or owner of Topher II

and all other entities derived from Topher II in order to unjustly enrich

himself.   Once again, even though he knew he was not the owner or

authorized President,  he repeatedly made these false statements for the

course of almost two decades and derived financial benefits and immigration

20

benefits as a business owner/investor getting a legal permanent residency based on holding himself out as owner and/or investor of commercial properties that he did not own.  He and/or his brother Mr. Seong Ho Lee also forged plaintiff's signature for a commercial lease for a retail store located in 5840 S. 16th St.  The plaintiff and/or her authorized representatives never even saw this lease but was signed by the tenant.  (Exhibit 3d)

   Defendant 2-Seong Ho Lee was always the master mind behind this scheme and had hired Defendant 1-Sung Kyu Lee as President knowing that he was his biological brother.   This nepotism has been going on for about 30 years.

(3)  <u>Materiality</u>:  This False representation was material because both defendants gained significant financial and other benefits.  Defendant 1, Sung Kyu Lee gained financial benefits as the President and/or owner and/or shareholder of the Topher II Inc. along with all assets, such as the building, company, and all associated business.   He further gained immigration benefits with the ability to get business based green card by holding himself out as executive, owner, and/or investor of commercial properties.  Second, Defendant 2-Seong Ho Lee's false representations were material as it shows that he was illegally transferring assets that belongs to his ex-wife to his

brother (Defendant 1) knowing that he was already violating court judgment and orders regarding property divisions.  It also shows that he was illegally hiding assets that belong to the plaintiff.

(4) <u>The Speaker's knowledge of its falsity or ignorance of the truth</u>.   Both defendants had knowledge of the falsity of ownership of properties that belonged to the plaintiff and clearly ignored the truth for decades. Defendant 1-Mr. Sung Kyu Lee lived with the plaintiff's family on and off for over a decade going back and forth from South Korea as he only had 6 months limit to stay on his visitor visa.  My client generously provided shared housing for over a decade to her ex-brother-in-law (defendant Sung Kyu Lee) and later had to take his pregnant wife to the hospital for checkups and yet, he continued to hold himself out as the rightful owner and President of companies such as Topher II even though having confessed in writing that he was not the owner of Topher I and II entities.   Mr. Sung Kyu Lee knew that he was continually lying and mispresenting himself for over a decade because he lived with the plaintiff's home for a long time and knew that his brother-Seongho Lee had unlawfully taken my client's assets in violation of the Divorce judgment.  Defendant Two-Seong Ho Lee knew he was making false representation because he voluntarily and knowingly transferred assets

that belonged to my client such as Atos Inc. Topher Inc., and Topher II Inc. to his brother (Defendant 1). He had knowledge of the falsity because he was the one ordered to turn over these entities to the plaintiff pursuant to division of property in the divorce judgment and instead, transferred them to his brother (Defendant 1). It shows that he was illegally hiding assets that belonged to my client.

(5) <u>His intent that it should be acted upon by the person and in the manner reasonably contemplated</u>: Defendant 1-Mr. Sung Kyu Lee continually holds himself out as the owner of Topher II and in Arizona Corporation Commission's (ACC) filing is listed as the President of Topher II. (Exhibit 7) He has paid himself as the President and Owner of Companies, entities for a long time while knowing that he was not the owner. He has also engaged in real estate transactions by selling and buying building and land to other buyers including the co-defendant, Seong Ho Lee and filed real estate transaction records with the Maricopa County Recorder's office as such. Since Mr. Sung Kyu Lee has conducted business transactions as the President and owner of these entities, he intended that it should be acted upon as such and indeed, all parties that engaged in business transactions

with Mr. Sung Kyu Lee acted upon these false representations of the defendant.

With respect to Defendant 2- Mr. Seong Ho Lee, he also intended to act as owner of properties that legally belong to the plaintiff and conducted business transactions as such to all parties that he conducted business with including his brother (Defendant 1) and in fact, these defendants did conduct business with each other and all third parties that relied on their truth as to their ownership. Therefore, they acted upon his false representation as owner of these entities and/or properties and in the manner that was reasonably contemplated by him.

(6) <u>The hearer's ignorance of is falsity</u>: Since defendant 2-Seong Ho Lee fled across state lines to Arizona along with his brother (the Co-Defendant 1) , they illegally ran all entities that belonged to the plaintiff including Atos Inc, Topher I & II, and all of the business transactions that they conducted was accepted by Arizona parties due to their false representations. Arizona parties and Government could not have known of the California Divorce Judgment/ division of property and thus, was forced to ignore its falsity. All of the ACC filings were fraudulent as well as their representations to other Government entities about their businesses- including immigration agency,

Arizona Government, Federal Government, and all other persons or entities

doing business with Sung Kyu Lee and/or Seong Ho Lee.  These

Government agencies had no way to know of this falsity committed by the

defendants.

(7) His reliance on the truth:  The plaintiff relied on defendant one-Mr. Sung

Kyu Lee and his confession upon discovery and must demand now that the

defendant turn over the properties that belong to the plaintiff.  The

defendant-Mr. Sung Kyu Lee continues to get income and other benefits

from this illegality and fraud while ignoring my client's real ownership, the

Divorce division of assets, and Court Order.  The plaintiff has also relied on

Defendant 2-Seong Ho Lee, who always reassured my plaintiff during their

marriage that their joint community assets were legally titled as such but

were in fact never held as community property.  On the contrary, these lies

were manifested in direct violation of Court Divorce Judgement/Division of

Property and Court Order.  Furthermore, all parties who relied on both

defendants' representations as owner and/or President of these entities were

relying on these representations as true but were in fact false.  In addition,

my client was deprived of her ownership rights and her other legal rights to

represent herself to the business and/or government entities and/or her rights to earn income from her properties.

(8) Her right to rely thereon: As stated in my client's affidavit and the Defendant's confession, my client lived with this Defendant 1 for well over 10 years and was treated as family when he did not have a place to live due to his visitor visa restrictions on residency. The Defendant 1- Sung Kyu Lee confessed that he did not own properties/entities Topher I and Topher II and that my client was the rightful owner because that was the truth. Further, he felt guilty because he knew that my client took care of his wife while she was pregnant as well as him. My client was very good to the Defendant-Sung Kyu Lee and his family, but this Defendant completely betrayed my client and took illegal advantage of her goodwill. The plaintiff relied on the defendant but was betrayed and taken advantage of.

Second, the plaintiff relied on her ex-husband, Defendant 2-Seong Ho Lee in his representations that all their joint assets were legally titled as such. Not only were they never titled in their joint community names, but they were illegally titled in both Defendant 1-Sung Kyu Lee and Defendant 2-Seong Ho Lee's name while the plaintiff and defendant were married. Afterwards, my client relied on Mr. Seong Ho Lee to turn over the

assets pursuant to Divorce Judgment Property Division (Exhibit 1), but he never did.

(9) <u>Her consequent and proximate injury</u>:  Due to the continuing fraud, misrepresentations, and forgery by both defendants, my client has suffered significant financial damages that exceed $4.8 Million, and it is perpetually continuing.   Both Defendants-Mr. Sung Kyu Lee and Mr. Seong Ho Lee's fraudulent conducts in claiming ownership and wrongful positions in companies that they do not own has caused at least $4.8 Million dollars of known damages to my client.  These fraudulent conducts are the proximate and consequent causes of my client's financial, mental, and emotional injuries.  Furthermore, the plaintiff was deprived of her ownership rights and the consequent ability to represent herself as the true owner to business parties and Government entities here in the state of Arizona.   Therefore, we request an award of $ 4.8 Million based on conspiracy to commit fraud and the fraud itself.

(10)    **PUNITIVE DAMAGES ARISING FROM FRAUD, MISREPRESENTATION, AND/OR DISHONEST DEALING**

In addition, based on the case <u>of Rhue vs. Dawson</u>, 841 P.2d, 215, we assert a

claim for punitive damages arising out of this fraud claim.  Per this case, a claim

for fraud supports punitive damages and is treated as the same claim as fraud.

Furthermore, per the case, Farr vs. Transamerica Occidental Life Ins. 145 Ariz. 1,

8-9 699 P.2d 376, 383-384, "Fraud will suffice."  Fraud encompasses a failure to

deal in good faith according to the Farr case and clearly, there is complete bad faith

in the way the defendants represented themselves and continue to represent

themselves as the authorized owner and/or executive of properties and entities that

do not belong to them and belong to the plaintiff.  Furthermore, Deliberate, overt,

and dishonest dealings will support punitive damages per Smith V. Standard

Guaranty Insurance co, 435 So. 2d 848 (Fla. App 1983) cited in Farr Vs.

TransAmerica.  In addition, Oppressive Conduct will support punitive damages per

Bostwick V. Foremost Insurance Co.  539 F. Supp 517 (D. Mot. 1982).


The defendants' Conducts-both Mr. Sung Kyu Lee and Mr. Seong Ho Lee

constitute fraud that is continuing.  It constitutes deliberate, overt, and completely

dishonest dealings to everybody that they do business with because they falsely

and fraudulently made these representations to them while intentionally and

illegally depriving the plaintiff of her real ownership rights.  It is oppressive in that

the defendants have completely and recklessly disregarded the plaintiff's real

ownership rights that they both know is true.  It is also completely dishonest and has the 'evil mind' and the "evil hand" to do the fraudulent business conduct meeting the higher standard stated per the case of <u>Rawlings V. Apodaca</u>, 151 Ariz. 149 726 P. 2d 565 (Ariz 1986)

The defendants' conduct is extreme and outrageous and has been going on for over a decade and they have both conspired to commit this fraud.  Therefore, we seek punitive damages jointly and severally from the defendants in the amount of $10 million arising from the fraud.

### THIRD CLAIM FOR RELIEF-CONVERSION

The defendants are jointly and severally liable for conversion. "Conversion is the intentional exercise of dominion or control over a chattel which so seriously interfere with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Miller v. hehlen, 209 Ariz. 462, 472 (App.2005)* Here, both the defendants-Mr. Sung Kyu Lee and Mr. Seong Ho Lee intentionally exercised total dominion and control of business entities and the corresponding commercial properties that belongs to the plaintiff for over a decade.  They are legally and justly required to pay the full value of these entities and corresponding properties.  Furthermore, Arizona follows the "modern rule" which holds that money can be converted if the money can be

29

"described, identified, or segregated," and an obligation to treat it in a specific

manner is established." *Autoville, Inc. v Friedman, 20 Ariz. App 89, 91 (1973)* In

this case, we have identified real estate transactions that total $7,242,500 Million

that are specifically described, identified, and segregated and thus, were done

through conversions by the defendants.  (Exhibits 1, 2, 3, 4, 8-10) The defendants

intentionally exercised control and dominion over properties that belonged to the

plaintiff and sold them to other buyers.  One direct evidence example is business

property located at 6626 W. Camelback Rd. Glendale, AZ 85301.  The Court order

(in Exhibit 2) specifically states to "pledge this property" and to repay $636,000 in

loans taken on this property.  This never happened and even though this was joint

community property and then the plaintiff's own property after the divorce, the

Defendant 2 sold it to a third seller on his own and gained total cash proceeds from

this sale. (See Exhibit 9).  This meets the prima facie requirement of conversion of

properties that belonged to the plaintiff and were illegally held and then sold.

Therefore, the plaintiff requested a total award of $7,242,500 Million jointly and

severally from the defendants based on all transactions we are able to decipher

over the course of a decade.


**THE FEDERAL BAD FAITH EXCEPTION FOR ATTORNEY**

**FEES IS APPLICABLE HERE**

Federal courts have adapted "Bad Faith Exception" to the American rule for not paying attorney fees when the conduct of a party is oppressive and reprehensible.  In the case _First National Bank v. Dunham, 471 F.2d 712 (8th Cir. 1973),_ the conduct that constituted bad faith included the defendant's attempts to conceal assets and make fraudulent conveyances.  Similar to that case, both defendants made fraudulent conveyances and hid assets that belonged to the plaintiff.  Both of the defendants-Mr. Sung Kyu Lee and Mr. Seong Ho Lee intentionally, deliberately, and voluntarily held themselves out as owners of properties and entities that belonged to the plaintiff.  Furthermore, they intentionally violated a court judgment and order awarding the plaintiff these entities, assets, and/or properties and have been doing it for over a decade.  This is similar to the case, _Lewis v. Texaco, Inc., 418 F. Supp. 27 (S.D.N.Y. 1976)_ where the defendant had a statutory duty to pay and did not.  The court described the defendant's behavior as "**Sheer** recalcitrance on its part and an act of bad faith".  The same can be described for the bad faith conduct of the defendants in this case as they intentionally, knowingly, and deliberately violated the court judgment for over a decade and intentionally avoided their legal duties.

Therefore, all attorney fees and litigation costs must be paid jointly and severally by both defendants- Mr. Sung Kyu Lee and Mr. Seong Ho Lee.   We

estimate that current attorney fees expended are $45,190 as of 06/30/2023 and is on-going.

## FOURTH CLAIM FOR RELIEF-GARNISHMENT AND INJUNCTION

Per Rule 64 of Federal Rules of Civil Procedure (FRCP),

Seizure of person or property is appropriate in this case.  We specifically request the following:

    (a) Garnishment of all income from all properties and/or assets stated in Notice of Judgment on the divorce property division (Exhibit 1) including corporate entities, Topher I, Topher II, and Atos, Inc. and their derivative entities.

    (b) Garnishment of all income/assets from other known entities E Mart USA. Inc and/or E Mart 99, its affiliate or trade name, JAC & LEE LLC, AKPA, LLC, YOU & LEE Properties, LLC, Atos Investment LLC, and Asamo Inc.

    (c) Garnishment of all income/assets that are unknown but are derivative of assets and/or properties stated in (a) and (b) above as defendants have intentionally avoided court orders in the past

and this must be done to prevent "irreparable harm" to the plaintiff.

(d) Garnishment of the following real estate properties:

(1) 6628 W. Camelback Rd. Glendale, AZ 85301 (Commercial Property, Topher II )

(2) 6736 W. McDowell Rd. Phoenix, AZ 85035 (Commercial Property, Atos Inc,)

(3) 3960 N. Stone Ave. Tucson, AZ 85705 (Commercial, E Mart USA)

(4) 3780 S. 16th Ave. Tucson, AZ 85713 (Commercial, Santa Cruz Plaza)

(5) 805 S. Sycamore  Unit 232, Mesa, AZ 85202 (Residential)

(6) 3260 E. Vineyard Rd. Phoenix, AZ 85042 (Residential owned by Defendant Seong Ho Lee)

(7) 3848 N 3rd Ave. Unit 1030 Phoenix, AZ 85013 (Residential)

(8) 23235 28th Ave. S. Des Moines, Washington 98198 (Residential)

(9) 20904 5th Ave. S. Des Moines, Washington 98198
(Residential)

(10)    28516 66th Lane, Phoenix, AZ 85083 (Residential
owned by Defendant Sung Kyu Lee)

(e) Garnishment of personal income from the defendants-Mr. Sung
Kyu Lee and Mr. Seong Ho Lee applying Arizona state law
garnishing 25% of income from each individual.

Second, per Rule 65(a) on Preliminary Injunction, the plaintiff requests a

preliminary injunction against the defendants preventing them from operating all

properties that belong to the plaintiff per the divorce judgment issued on

09/24/2010, division of property.  There continues to be irreparable harm against

the plaintiff, and it must be urgently stopped.   The Court also has interest in

protecting the order of another court as well as stopping the fraud that is

continually on-going against other individuals and entities in Arizona that the

defendants conduct business with.

## <u>CONCLUSION</u>:

19.    The plaintiff requests $ 22,091,690 in total damages based on the above claims. The plaintiff still suffers from nightmares and other physical and mental problems due to the conduct of the defendants. She is also suffering financially due to this significant loss of funds as a result of the evil conduct of the defendants. We also request the award of attorney fees, interests, and other court costs as the court deems just per the bad faith exception stated above.

Respectfully submitted,

Dated:  July 17th, 2023



_____

John Kang, Esq.

Attorney for the Plaintiff